## ROGERS v. NUCKOLLS.

PLEADING — *denying partnership.* In assumpsit against two persons as partners to recover damages for failure to deliver stock pursuant to a contract which was not in writing, the general issue by one of the defendants, without oath, operates to deny the partnership.

PRESUMPTION — *as to pendency of suit from conduct of parties.* Where an order was entered of record dismissing the cause, and subsequently the cause was brought to issue and trial, no notice being taken of the order of dismissal, the court will presume that the cause was reinstated by agreement of parties.

### *Error to District Court, Arapahoe County.*

THE declaration was in assumpsit against Henry J. Rogers and Gurdan H. Wilcox, late partners under the firm name of Rogers & Wilcox, to recover the sum of $1,833.33, paid the defendants in consideration that they would transfer to plaintiff certain shares of stock. December 11, 1867, on motion of plaintiff's attorney, the cause was dismissed. May 8, 1868, Rogers, the present plaintiff in error, appeared and filed the general issue. January 9, 1872, cause was brought to trial, resulting in a verdict and judgment for plaintiff for $1,833.33.

Testimony was given at the trial, tending to show a purchase of stock by plaintiff from the defendant Wilcox, and payment to Wilcox. Evidence was offered and received to show that a certain memorandum of sale signed by Wilcox, plaintiff, et al., was indorsed by Rogers, in the firm name of Rogers & Wilcox, but it was not claimed that the action was upon this instrument. The question to be determined was, the liability of Rogers for the transaction of Wilcox, his co-defendant, and upon this the court charged:

"The pleadings in this case admit the joint liability of both the defendants for all that either of them is liable for; if the jury believe that the defendant Wilcox made the agreement contained in the paper marked 'A,' which was read to the jury, then the defendant Rogers is, for the purposes of this action, bound thereby."

The plaintiff had judgment.

Mr. E. L. SMITH, for plaintiff in error.

Messrs. BROWNE & PUTNAM, for defendant in error.

BELFORD, J. Rogers & Wilcox were sued as partners. The declaration charges that on the 31st of March, 1864, the plaintiff, Nuckolls, paid the defendants the sum of $1,833, in consideration that they would thereafter transfer to him one and one-third shares of the Denver Tunnel and Mining Company. It is further averred that the defendants refused to deliver such stock, whereby the plaintiff became damaged, etc. There was no service had on Wilcox, and Rogers filed the general issue, and went to trial. The court instructed the jury that the general issue admitted the partnership, and this is assigned for error. Section 6 of the R. S., p. 310, provides that "in actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants as partners or joint obligors or payers, proof of the joint liability or partnership of the defendants, or their Christian or surnames, shall not be required in the first instance, to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by the filing of pleas denying the execution of such writing, verified by affidavit, as required by law." Before the revision the words by "pleading in abatement or" followed the word "necessary." We held, in the case of *Litchfield* v. *Daniels*, 1 Col. 271, that where the action was on an instrument in writing, the plaintiff was not required to introduce any evidence to show that the defendants were partners or joint

obligors, unless the defendant put the partnership or joint obligation in issue by denying the execution of the written instrument. The language of the court cannot be extended beyond the case then in hand. It is hard to conceive that the legislature intended to impose on a defendant, when sued as a partner, the duty of denying under oath the execution of a written instrument, where none was sued on. Under the old statute it was held, in *Warren* v. *Chambers*, 12 Ill. 125, that where the action was founded on a written instrument, the plea of general denial verified was necessary to put in issue the question of partnership. When the action was on a contract not in writing, the existence of the partnership must be denied by plea of abatement. And this construction commends itself to one who carefully reads the section as it stood before the revision took place. It seems to us that the word "implied" was inadvertently left in, and that a true construction requires us to read the section as though that word were omitted. By this method alone can we get rid of the too palpable incongruity which exists between the first and last line of this section. Thus read, we harmonize the various parts, and execute the intention of the legislature, which unquestionably was to place the proof of partnership, when arising on written contracts, on the same footing with the proof of the execution of written instruments, and by dispensing with the plea of abatement, it was evidently designed that the issues of partnership or joint obligation could be raised by the general denial or non-assumpsit, because that plea not only traverses the contract, but the manner and form in which it is alleged to be made. If this view is correct, and such we think it to be, the instruction is clearly erroneous. The record shows that on the 17th day of December, 1867, the plaintiff, by his attorneys, appeared in open court and dismissed the action, and it is claimed by plaintiff in error that all proceedings subsequent to that day were void. No notice seems to have been taken of this order of dismissal. The record shows that on the 8th of May following, the defendants appeared and filed their plea. The cause must have been continued on the docket,

at least the order above mentioned attracted no attention until years after it was made, and was only discovered when this record was being prepared for this court. The appearance of the defendants after the order of dismissal was entered, the filing of their plea, and their proceeding to trial without objection must be regarded as tantamount to a re-instatement of the cause. To allow such an objection to be raised for the first time in this court would be to give sanction to a system of practice at war with all principles of justice.

The judgment is reversed, and the cause remanded for further proceedings.

*Reversed.*